UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 5116 MAGAZINE PREPARATORY HIGH SCHOOL ST. KATHERINE DREXEL PREPARATORY HIGH SCHOOL | CIVIL ACTION |
| VERSUS | No. 22-4205 |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, ET AL. | SECTION I |

## ORDER & REASONS

Before the Court is plaintiff, 5116 Magazine Preparatory High School, St. Katherine Drexel Preparatory High School's ("plaintiff") unopposed motion to remand[1] the above-captioned action to Civil District Court for the Parish of Orleans. For the following reasons, the Court will grant the motion to remand.

### I. BACKGROUND

The plaintiff filed its complaint in this action in the Civil District Court for the Parish of Orleans on August 29, 2022,[2] asserting claims for breach of insurance contract and bad faith, pursuant to La. Rev. Stat. Ann. §§ 22:1973 and 22:1892.[3]

---

[1] R. Doc. No. 10. The present motion was set for submission on December 14, 2022. Accordingly, any written opposition to the motion was due on December 6, 2022. The defendants filed a motion to continue the submission date, but the motion was marked as deficient by the Clerk of Court. R. Doc. No. 11. The Clerk of Court's deficiency notice stated that the "[d]ocument must be refiled in its entirety within seven (7) calendar days; otherwise, it may be stricken by the court without further notice. Deficiency remedy due by 12/14/2022." The defendants did not refile the deficient motion to continue and filed no opposition to plaintiff's motion to remand. Accordingly, the Court considers plaintiff's motion to remand to be unopposed.
[2] R. Doc. No. 1-1.
[3] *Id.* ¶¶ 27–41.

The defendants, Certain Underwriters at Lloyd's London Subscribing to Policy No. PXA0003297-00 ("Lloyd's"), HDI Global Specialty SE, and Everest Indemnity Insurance Company (collectively, "defendants") removed the action to this Court on October 26, 2022.[4] The defendants' notice of removal avers that the action is properly removable to federal court pursuant to 28 U.S.C. § 1441 "because (A) there exists complete diversity of citizenship between Plaintiff and Defendants and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs."[5]

The notice of removal further states that "Certain Underwriters at Lloyd's London Subscribing to Policy No. PXA0003297-00 is a descriptive term used to refer to those participants subscribing to Policy No. PXA0003297-00."[6] It further lists the participants subscribing to the policy and their respective citizenships for diversity purposes, each of which is the United Kingdom.[7]

Plaintiff's motion to remand,[8] filed on November 23, 2022, asserts that the defendants failed to sufficiently allege diversity of citizenship exists, as "four [Lloyd's] Syndicates do not sufficiently explain the organizational structure of the Syndicate and/or fail to identify the proper domicile of the members."[9]

---

[4] *Id.* at 1–2.
[5] *Id.* ¶ 9.
[6] *Id.* ¶ 11.
[7] *Id.* ¶¶ 12–22.
[8] R. Doc. No. 10.
[9] *Id.* at 5.

## II.     STANDARD OF LAW

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. "Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and the allegations contained in the complaint." *La. Rest. Ass'n, Inc. v. Certain Underwriters at Lloyds, London*, 573 F. Supp. 3d 1054, 1058 (E.D. La. 2021) (Ashe, J.) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014).

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)). "[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

Pursuant to 28 U.S.C. § 1332, district courts "have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of a state and citizens or subjects of a foreign state." *Corfield v. Dallas Glen Hills LP*,

355 F.3d 853, 857 (5th Cir. 2003) (citing 28 U.S.C. § 1332(a)(2)). "An unincorporated association has no separate legal identity so its citizenship, at least for purposes of diversity jurisdiction, is the citizenship of each of its members." *La. Rest. Ass'n, Inc.*, 573 F. Supp. 3d at 1058 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)).[10]

### III.   LAW & ANALYSIS

The plaintiff asserts in its motion to remand that the defendants failed to establish diversity of jurisdiction as to all of the syndicates that subscribe to the plaintiff's insurance policy.

"Lloyds of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market." *Corfield*, 355 F.3d at 857. "The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's." *Id.* at 857–858. "Thus, a policyholder insures *at* Lloyd's but not *with* Lloyd's." *Id.* at 858 (emphasis in original). Overall, "while an insured receives a Lloyd's 'policy' of insurance, what he has in fact received are numerous contractual commitments from each Name who has agreed to subscribe to the risk." *Id.* at 859. "[T]he business of insuring risk at Lloyd's is carried

---

[10] "[I]n *McAuslin v. Grinnell Corporation*, the district court dismissed the case for lack of subject-matter jurisdiction, observing that '[t]he majority of courts that have addressed this issue have found that each Name must be diverse.' 2000 WL 1059850, at *4 (E.D. La. Aug. 1, 2000) (collecting cases). The court reasoned that a Lloyd's 'syndicate has enough organizational structure and economic integration to be [treated as] an unincorporated association' under the Supreme Court's *Carden* decision, which held that the citizenship of each member of an unincorporated association (there, a partnership) must be taken into account in determining diversity jurisdiction." *Louisiana Rest. Ass'n, Inc.*, 573 F. Supp. 3d at 1060.

on by groups of Names called 'Syndicates.' . . . [A] group of Names will, for a given operating year, form a 'Syndicate' which will in turn subscribe to policies on behalf of all Names in the Syndicate." *Id.* "The Names are jointly and severally obligated to the insured for the percentage of the risk each has agreed to assume." *Id.*

Courts within the Fifth Circuit, including this Court, have held that Lloyd's syndicates should be treated as unincorporated associations and therefore, pursuant to the Supreme Court's decision in *Carden*, "the citizenship of each member of an unincorporated association . . . must be taken into account in determining diversity jurisdiction." *La. Rest. Ass'n, Inc.*, 573 F. Supp. 3d at 1060. Accordingly, "with respect to the requirement of complete diversity for subject matter jurisdiction based on diversity, '[t]he majority of courts that have addressed this issue have found that each Name must be diverse.'" *Green Coast Enterprises, LLC v. Certain Underwriters at Lloyd's*, No. 22-973, 2022 WL 2208206, at *3 (E.D. La. June 21, 2022) (Africk, J.) (quoting *La. Rest. Ass'n, Inc.*, 2021 WL 5492794, at *5 (E.D. La. Nov. 23, 2021)) (internal citation omitted).

In *Louisiana Restaurant Association, Inc.*, another section of this Court—presented with similar facts and legal arguments as those before this section—concluded that remand was required because the defendant failed to meet its burden of establishing diversity jurisdiction, as "[t]he notice of removal [did] not include allegations concerning the citizenship of the names subscribing to the policy." *Id.* at 1063. *See also Jefferson v. Am. Sugar Refin., Inc.*, No. 10-4442, 2017 WL 894652, at *3 (E.D. La. Mar. 7, 2017) (Barbier, J.) ("To establish diversity jurisdiction, Lloyd's

5

must demonstrate that complete diversity exists between Plaintiffs and all five Names alleged by Plaintiffs to have underwritten policies" for the insured); *Advanced Sleep Ctr., Inc. v. Certain Underwriters at Lloyd's London*, No. 14-592, 2015 WL 4097069, at *2 (E.D. La. July 7, 2015) (Morgan, J.) ("the Names are the 'real' parties to this action, and their citizenship must be distinctly and affirmatively set forth or established by proof").

As the removing party, the defendants in this case bear the burden of establishing that federal jurisdiction exists. *De Aguilar*, 47 F.3d at 1408. They have failed to do so. While the notice of removal included allegations as to the citizenship of the Syndicates subscribed to the plaintiff's insurance policy, they failed to include allegations as to the citizenship of each of the individual Names that belong to the subscribing Syndicates.[11] Furthermore, as previously stated, this motion is unopposed. As a result, the Court will remand this case to state court.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to remand is **GRANTED**, and this case is **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana for further proceedings.

---

[11] As the Court finds that the defendants have failed to establish that complete diversity exists, the Court need not reach the plaintiff's additional argument that the defendants failed to establish that the amount-in-controversy requirement for federal subject matter jurisdiction has been met.

6

New Orleans, Louisiana, January 5, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**